**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Brian Buhamiizo, | ) | **Case No: 1:26-cv-11976-BEM** |
| Petitioner, | ) | |
| vs. | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| Todd Lyons, *et al.*, | ) | |
| Respondents. | ) | |

**PETITIONER'S MOTION FOR ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

*INTRODUCTION*

Petitioner Brian Buhamiizo is a citizen of Uganda with a final order of removal who has been granted deferral of removal to his home country pursuant to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Since 2007, Mr. Buhamiizo has lived in the United States either under an Order of Supervision ("OSUP") issued by Immigration and Customs Enforcement ("ICE") or in ICE detention.

ICE most recently revoked Mr. Buhamiizo's OSUP and re-detained him in October 2025, ostensibly due to violations of his order of supervision and to effectuate his removal to a third country. After six months, having received no indication that he would actually be sent to a third country, Mr. Buhamiizo filed a Petition for Writ of Habeas Corpus ("Petition"). In response to the Petition, Respondents informed the Court that Mr. Buhamiizo had been "nominated" for a removal to a specific third country but declined to state which one. When the Court pressed for more information, Respondents elected to release Mr. Buhamiizo from detention instead and return him to his previous state as a supervised releasee. When the Court reiterated the request for information, Respondents informed the Court that Mr. Buhamiizo had been accepted for removal to Equatorial Guinea. Respondents' counsel has informed Petitioner's counsel that

Respondents intend to revoke Mr. Buhamiizo's supervised release and re-detain him to effectuate his removal to Equatorial Guinea by the end of June 2026.

Mr. Buhamiizo has a claim for protection under the CAT from removal to Equatorial Guinea. Respondents have made clear that they do not intend to provide Mr. Buhamiizo with a constitutionally sufficient process to enforce his rights under the CAT. Thus, any removal Respondents attempt to effectuate would violate Mr. Buhamiizo's procedural due process rights and be unlawful. Since immigration detention is limited to serving lawful immigration enforcement purposes, the imminent re-detention of Mr. Buhamiizo for the purpose of removing him to a third country without due process violates regulation, statute, and Mr. Buhamiizo's substantive due process right to be free from unwarranted physical restraint.

As a supervised releasee, Mr. Buhamiizo is currently in the custody of ICE within the meaning of the habeas statute. His current custody is unlawful because the terms of his supervision, as interpreted by Respondents, allows ICE to revoke his supervised release at any time and unlawfully detain him for removal to a third country without due process. Thus, Mr. Buhamiizo respectfully requests that the Court grant his Petition for Writ of Habeas Corpus and order the relief requested in his Petition. *See* Doc. No. 1 at 6, ¶¶ B-C. Specifically, Mr. Buhamiizo requests that the Court order ICE not to re-detain him absent constitutionally adequate notice and opportunity to enforce his rights under the CAT prior to a removal to a third country, or a fact-based determination that since his release on May 11, 2026, Mr. Buhamiizo has engaged in conduct which violates the terms of his OSUP such that re-detention is warranted.

## *RELEVANT FACTS*

Petitioner Brian Buhamiizo was born in Uganda and is a citizen of that country. Doc. No. 6-1 at ¶ 6. Mr. Buhamiizo was ordered removed to Uganda in absentia in 2005. *Id.* at ¶ 9. On or

about January 24, 2007, Mr. Buhamiizo was detained by ICE pursuant to his final order of removal. *Id.* at ¶ 10. He remained detained post-order for approximately one year and five months, until July 2, 2008. *Id.* at ¶¶ 12-13. On July 2, 2008, Mr. Buhamiizo was granted Withholding of Removal as to Uganda and released the same day on an OSUP. *Id.* [1]

Mr. Buhamiizo has struggled in the past with untreated mental illness and substance abuse, resulting in multiple criminal convictions. Doc. No. 1-1 at ¶ 6. On January 30, 2019, Mr. Buhamiizo was re-detained by ICE. Doc. No. 6-1 at ¶ 19.  ICE then moved to reopen Mr. Buhamiizo's immigration court proceedings. *Id.* at ¶ 20.  Mr. Buhamiizo ultimately lost his grant of Withholding of Removal due to criminal convictions negating his eligibility but was granted Deferral of Removal under the CAT on October 9, 2020, preventing his deportation to Uganda. *Id.* at ¶¶ 20-22. On or round October 29, 2020, after approximately one year and eight months in detention, Mr. Buhamiizo was released again by ICE subject to an OSUP. *Id.* at ¶23.

On October 30, 2025, following new criminal charges, Mr. Buhamiizo's OSUP was revoked and he was re-detained. *Id.* at ¶ 29. On May 1, 2026, Mr. Buhamiizo filed the above-captioned Petition, requesting his release from detention because his removal was not significantly likely to occur in the reasonably foreseeable future, and an order preventing unlawful re-detention. Doc. No.1 at 6. On May 6, 2026, the Respondents filed an Opposition to the Petition, in which it claimed that Mr. Buhamiizo "has been nominated for removal to a third country pursuant to a Third Country Removal agreement negotiated between the Third Country and the Department of State." Doc. No. 6 at 3. The Respondents did not provide information on which country they were referring to. *See id*. On May 7, 2026, this Court ordered Respondents to

---

[1] In his Declaration submitted in support of his Petition, Mr. Buhamiizo mistakenly stated that he was ordered removed in 2008, due to conflating the grant of withholding with the order of removal. *See* Doc. No. 1-1 at ¶ 19.

provide more concrete evidence that Mr. Buhamiizo's removal was reasonably foreseeable or to release Mr. Buhamiizo. Doc. No. 7. On May 11, 2026, Respondents released Mr. Buhamiizo from detention.[2] *See* Doc. No. 8. The same day, ICE issued Mr. Buhamiizo a new OSUP. Ex 1.

On May 21, 2026, this Court ordered Respondents to provide additional evidence regarding Mr. Buhamiizo's removal to the unspecified "Third Country." Doc. No. 9.  In response, Respondents submitted two declarations authored by ICE officials stating an intention to remove Mr. Buhamiizo to Equatorial Guinea in the near future. Doc. Nos. 18, 19.[3] One of the declarations stated that "Equatorial Guinea provided diplomatic assurances that the aliens removed from the United States pursuant to the Third Country Removal agreement will not be subjected to persecution or torture" and "the Department of State determined that the diplomatic assurances were credible." Doc. No. 19 at ¶ 5. The declaration further stated that  ICE "will follow the March 30th, 2025 memorandum from former DHS Secretary Kristi Noem *Guidance Regarding Third Country Removals* to effectuate the Petitioner's removal." Doc. No. 19 at ¶ 8.

*LAW and ARGUMENT*

## I.        Mr. Buhamiizo is still in the custody of Respondents.

The Court has jurisdiction to entertain and resolve petitions seeking habeas relief filed by "persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Flores Salazar v. Moniz*, 25-11159-LTS, 2025 WL 1703516, at *5 (D. Mass. June 11, 2025) (quoting *Ali v. Napolitano*, 12-11384-FDS, 2013 WL 3929788, at *2 (D. Mass. July 26, 2013) (quoting 28 U.S.C. § 2241(c)(3))). "It is well-settled that the 'custody' requirement for

---

[2] Cumulatively, Mr. Buhamiizo has spent approximately three years and seven months in post-order ICE detention.

[3] The declarations were filed under seal, but the Court has since ordered their unsealing, subject to redaction. *See* Doc. No. 22.

federal habeas purposes is satisfied in various 'circumstances short of incarceration.'" *Id.* (quoting *Ali*, 2013 WL 3929788, at *3).

A person is still in custody, even if not imprisoned, and has a right to seek habeas corpus relief, if a state actor imposes restraints on liberty "not shared by the public generally". *Jones v. Cunningham*, 371 U.S. 236, 240 (1963); *see also Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California,* 411 U.S. 345, 351 (1973) (Petitioner is "subject to restraints not shared by the public generally," where he has "the obligation to appear at all times and places as ordered by any court or magistrate of competent jurisdiction. . . . His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice." (cleaned up)). The Supreme Court has deemed the custody requirement of the habeas statutes to be satisfied where a petitioner was on parole, *Jones*, 371 U.S. at 243, released on bail awaiting trial, *Hensley,* 411 U.S. at 351-53, or on military reserve status, *Strait v. Laird*, 406 U.S. 341, 345-46 (1972).

Challenges to "the extent of the Government's detention authority" are appropriately brought in a habeas action. *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 66 (D. Mass. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018)). And a habeas court may determine that conditions of supervised release exceed the Government's authority. *Id.* at 69 (finding that the Government imposed conditions of release that exceeded its statutory authority).

Here, under the terms of his OSUP issued May 11, 2026, Mr. Buhamiizo must appear at all times and places as ordered by ICE for identification or removal. Ex. 1 at 1. According to Respondents, this includes a requirement that Mr. Buhamiizo report for a removal that violates his due process rights. *See* Doc. No. 6 (Respondents admitting to detaining Mr. Buhamiizo for removal to a third country that they will not identify or provide Mr. Buhamiizo any opportunity

to present a claim of fear of torture to); *infra*, Part II (detailing how Respondents' plan to imminently re-detain and remove Mr. Buhamiizo to Equatorial Guinea violates due process).[4]

Under the terms of his supervised release, Mr. Buhamiizo must also furnish advance written notice of any change of residence or employment, and he may not travel outside of New England without advance approval. Ex. 1 at 1. He may not associate with individuals whom ICE deems to be "gang members" or "criminal associates." *Id.* at 3. He must follow any prescribed doctor's order and appear for medical or psychiatric evaluation at ICE's request. *Id.* at 1, 3. These plainly are restraints on liberty "not shared by the public generally". *See also Ali*, 2013 WL 3929788, at \*2-4 (noncitizen with substantially similar conditions of release imposed by ICE found to be in custody, giving the Court habeas jurisdiction).

Because Mr. Buhamiizo is still in custody, the Court has jurisdiction to consider his claims for relief.[5] While Mr. Buhamiizo has obtained some of the relief he sought through his

---

[4] Respondents' counsel informed Petitioner's counsel on June 15, 2026, that Respondents intend to re-detain and remove Mr. Buhamiizo to Equatorial Guinea by the end of June 2026.

[5] Even if the Court were to find Petitioner to no longer be in custody, it would still have jurisdiction to grant relief pursuant to the voluntary cessation doctrine. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice"). "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Al Jaber v. Sessions*, 17-cv-12520-IT, 2018 WL 11484075, at \*1-\*2 (D. Mass. Aug. 17, 2018) (finding government failed to meet burden where ICE declaration was "devoid of any information regarding the grounds on which Petitioner was released and fails to provide any basis for concluding that the conduct Petitioner challenges will not occur again in the future").

Respondents represented to the Court that their detention of Mr. Buhamiizo was lawful because they had a concrete plan to send Mr. Buhamiizo to a "Third Country." However, they declined to reveal the identity of the Third Country, preventing Mr. Buhamiizo from enforcing his rights under the CAT. When the Court pressed for more concrete information Respondents elected to release Mr. Buhamiizo instead. Only at the Court's further order did Respondents reveal their intent to send Mr. Buhamiizo to Equatorial Guinea imminently. There is no reasonable explanation for Respondents' decision to release then re-detain Mr. Buhamiizo within less than two months, other than to escape the Court's scrutiny of their conduct.

6

Petition, that is, his release from Plymouth County Correctional Facility, his current custody is still unlawful if, under the terms of his supervised release, Respondents are allowed to do what they say they intend to do imminently – that is revoke Mr. Buhamiizo's release for the purpose of unlawfully removing him to a third country without due process. *See infra*, Part II.

II.    **ICE cannot lawfully re-detain Mr. Buhamiizo to effectuate an unlawful removal.**

As a supervised releasee with a final order of removal, who was released from detention because ICE had not met their burden to show that removal was significantly likely to occur in the reasonably foreseeable future, *see* Doc. Nos. 7, 8, Mr. Buhamiizo can only be lawfully re-detained for two reasons: (1) to effectuate his removal, or (2) to enforce the terms of his OSUP. 8 U.S.C. § 1231(a)(6); 8 C.F.R. § 241.13(i)(1)-(2). If removal is not significantly likely to occur in the reasonably foreseeable future, detention for the purported purpose of effectuating removal is unlawful. *Jimenez v. Cronen*, 317 F. Supp. 3d 626, 653 (D. Mass. 2018) ("detention violates substantive due process when it does not "bear[ ] a reasonable relation" to a "special justification ... [that] outweighs the individual's constitutionally protected interest in avoiding physical restraint." (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (alterations in original)).

If a removal cannot be effectuated lawfully, it cannot be said to be significantly likely to occur and thus cannot form a lawful basis for detention. *Sagastizado Sanchez v. Noem*, 5:25-cv-00104, 2025 WL 3760317, at *10–11 (S.D. Tex. Nov. 14, 2025) ("[Petitioner] has shown that his *lawful* removal is not reasonably foreseeable and therefore [detention is] no longer statutorily authorized under § 1231(a)(6)" (Emphasis added)); *see also Nolasco Renderos v. Baker*, 814 F. Supp. 3d 598, 602 (D. Md. 2026) ("[C]ontinued refusal by the government to provide [Petitioner] with the process to which she is entitled would make removal no longer reasonably foreseeable")

Mr. Buhamiizo believes he will likely be tortured if he is removed to Equatorial Guinea.[6] Pursuant to its obligations under international treaty, the Government may not remove Mr. Buhamiizo to a country where he would be in danger of being subjected to torture. Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), adopted December 10, 1984, S. Treaty Document No. 100-20 (1988); Pub. L. No. 105–277, § 2242(a), 112 Stat. 2681, 2681–822 (1998). The regulations enacted to implement the CAT set forth a procedure to ensure Mr. Buhamiizo has a meaningful opportunity to present a claim that he will more likely than not be tortured in the proposed country of removal. *See* 8 CFR §§ 208.16, 208.17, 208.18. Since Mr. Buhamiizo is eligible for removal proceedings, an immigration judge must consider all relevant evidence and determine eligibility for CAT. *See* 8 CFR §§ 208.16(a); 208.16(c)(2); 208.17(b)(1); 208.18(b)(1). As circumstances have arisen after the end of removal proceedings that support a claim for CAT relief,  Mr. Buhamiizo has the right file a motion to reopen his immigration court proceeding so that the IJ may adjudicate the new claim. 8 C.F.R. § 1003.23(b)(3).

Where the Government puts in place by regulation a procedure to adjudicate a legal right, it cannot arbitrarily choose to ignore that procedure when it is inconvenient. *See Nolasco Renderos,* 814 F. Supp. 3d at 605 (finding that the Government is not at liberty to substitute its own regulations with internal guidance); *Cruz Medina v. Noem,* 806 F. Supp. 3d 536, 549 (D. Md. 2025) (same). While agency guidance may fill a regulatory gap, it does not control where there is no regulatory gap to fill. *See Nolasco Renderos*, 814 F. Supp. 3d at 605. ("Respondents

---

[6] Petitioner assumes for the purposes of this argument that Mr. Buhamiizo is only eligible for deferral of removal under the CAT. However, counsel has not had the opportunity to review Mr. Buhamiizo's Record of Proceeding (ROP) in immigration court, *see* Ex. 2 at ¶ 7, so cannot say definitively that Mr. Buhamiizo is not eligible for other forms of fear-based relief.

fail to show why Congress or the agencies that promulgated the implementing regulations intended that a person in [Petitioner's] position would be entitled to less process now than . . . when her withholding of removal . . . was issued.")

Instead of following its own the regulations, the Government has declared it will provide Mr. Buhamiizo with no opportunity to present a claim of potential torture prior to removal to Equatorial Guinea, claiming "credible" "diplomatic assurances" from Equatorial Guinea. Doc. No. 19 at ¶¶ 5, 8; Kristi Noem, U.S. Dep't of Homeland Security, *Guidance Regarding Third Country Removals* (March 30, 2025) (hereinafter "March 2025 Guidance)  ("If the United States has received such [diplomatic] assurances, and if the Department of State believes those assurances to be credible, the alien may be removed without the need for further procedures.") This plainly does not meet basic Due Process requirements. *D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102, 159-60 (D. Mass. 2026);[7] *Khouzam v. Attorney General*, 549 F.3d 235, 254-255 (3rd Cir. 2008) ("The alien must have an opportunity to present, before a neutral and impartial decisionmaker, evidence and arguments challenging the reliability of diplomatic assurances proffered by the Government, and the Government's compliance with the relevant regulations."); *Vishal v. Chestnut,* 811 F. Supp. 3d 1179, 1187–88 (E.D. Cal. 2025) (finding third country removal procedures as set forth in policy memorandums violated due process); *Kumar v. Wamsley,* No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025) (noting "overwhelming authority against" Government's third country removal policy); *Nguyen v. Scott,* 796 F. Supp. 3d 703, 728–29 (W.D. Wash. 2025); *Mendoza Palacios,*

---

[7] While the judgment in D.V.D. has been stayed pending review by the First Circuit Court of Appeals, this "does not provide a basis to preclude [Petitioner]'s individual habeas relief especially in light of her own entitlement to CAT protections." *Mendoza Palacios v. Mullin*, 26-cv-648-ABA, 2026 WL 933319, at *4 (D. Md. Apr. 7, 2026).

No. 26-CV-648-ABA, 2026 WL 933319, at *5-8; *Gomez v. Mattos,* No. 2:25-CV-00975-GMN-BNW, 2025 WL 3101994, at *6 (D. Nev. Nov. 6, 2025).

As long as the Government refuses to provide Mr. Buhamiizo with the process he is entitled to by the CAT regulations, the CAT, and the Constitution, ICE cannot lawfully remove Mr. Buhamiizo to Equatorial Guinea, or to any other third country, and so has no legitimate reason to detain him for that intended purpose. To conform with the law, prior to re-detaining Mr. Buhamiizo, the Government must either move to reopen Mr. Buhamiizo's immigration court proceeding and designate Equatorial Guinea as a country of removal to an IJ once proceedings are reopened, thus giving Mr. Buhamiizo proper notice and opportunity to present a CAT claim as to Equatorial Guinea in immigration court, or it must give Mr. Buhamiizo a reasonable opportunity to file a motion to reopen his proceedings himself in immigration court. Since the Government has made clear it has no intention of doing the former, Mr. Buhamiizo must be provided with a meaningful opportunity to do the latter.

Mr. Buhamiizo has secured counsel to file a motion to reopen in immigration court on his behalf, but that counsel has been hampered by the government's failure to provide his counsel with his record of proceeding (ROP). Ex. 2 at ¶¶ 3-7. Mr. Buhamiizo's ROP was requested pursuant to the Freedom of Information Act (FOIA) in January 2026, and the Government has thus far failed to fulfill the request. *Id.* at 7. Without being able to review what occurred in Mr. Buhamiizo's past proceeding, his counsel is limited in his ability to responsibly and competently represent Mr. Buhamiizo on a motion to reopen. *Id.* at ¶¶ 4-5.

Thus, absent these records, Mr. Buhamiizo does not have a meaningful opportunity to file a motion to reopen. Once he receives the ROP, his counsel would need at least one month to responsibly prepare and file the motion to reopen. *Id.* at ¶ 8.  Anything less would give the

Government license to unlawfully revoke Mr. Buhamiizo's release without warning to send him to a country where he will be tortured.

*CONCLUSION*

Accordingly, Mr. Buhamiizo respectfully requests that the Court grant Writ of Habeas Corpus and order that:

(A) Prior to any re-detention for the purpose of removal to a third country, ICE must provide Mr. Buhamiizo meaningful notice of any third country it intends to remove him to and meaningful opportunity to apply for protection from removal to that country;

    (i)      Meaningful notice means written notice to Mr. Buhamiizo's undersigned counsel;

    (ii)      Meaningful opportunity means the opportunity to file a motion to reopen within one month of the Government providing Mr. Buhamiizo's ROP to him pursuant to his outstanding FOIA request, or within one month of written notice to undersigned counsel, whichever comes later.

(B) ICE may only otherwise re-detain Mr. Buhamiizo if it first makes a fact-based determination that since his release on May 11, 2026, Mr. Buhamiizo has engaged in conduct which violates the terms of his May 11, 2026, OSUP such that re-detention is warranted.

*REQUEST FOR ORAL ARGUMENT*

In accordance with LR 7.1(d), Petitioner Brian Buhamiizo respectfully requests that the Court set a hearing so that the parties may present oral argument on the issues put forth in this Motion. Petitioner's life and liberty are at stake in this case, and Petitioner would like the opportunity to answer any questions the Court may have on the legal issues presented.

Respectfully submitted,

11

BRIAN  BUHAMIIZO,

Through his attorney,

*/s/ Claire Maguire*

Claire Maguire
MA Bar No. 709426
Northeast Justice Center
181 Union Street, Suite 201B
Lynn, MA 01901
(978) 888-0661
cmaguire@njc-ma.org

Dated:  June 22, 2026


**Certificate of Service**

I, Claire Maguire, hereby certify that on June 22, 2026, the foregoing document was electronically filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to registered participants, including counsel for Respondents.

*/s/ Claire Maguire*                                             Dated: June 22, 2026


**Rule 7.1 Certification**

I, Claire Maguire, hereby certify that the parties to the above-captioned litigation, through counsel, conferred in good faith concerning the relief sought in the instant Motion but were unable to resolve or narrow the issues. Respondents object to the relief sought in this Motion.

*/s/ Claire Maguire*                                             Dated: June 22, 2026