**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Brian Buhamiizo**,<br><br>Petitioner,<br><br>vs.<br><br>**Todd Lyons**, Acting Director, U.S. Immigration and Customs Enforcement;<br>**David Wesling**, Acting Boston Field Office Director, U.S. Immigration and Customs Enforcement; and<br>**Antone Moniz**, Superintendent, Plymouth County Correctional Facility,<br><br>Respondents. | **CASE NO: 1:26-cv-11976-BEM**<br><br>**LEAVE TO REPLY GRANTED AUGUST 18, 2026**<br><br>**REPLY DUE BY AUGUST 28, 2026** |

**PETITIONER'S REPLY TO RESPONDENTS' SUPPLEMENTAL RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to the Court's Order dated August 18, 2026 (Doc. No. 32), Petitioner Brian Buhamiizo herby replies to Respondents' Supplemental Response to Petition for Writ of Habeas Corpus (Doc. No. 30) ("Response").

In their Response, Respondents ignore controlling case law on what constitutes "custody" for habeas purposes and insist that releasing Mr. Buhamiizo from a carceral institution is enough to return him to liberty. Respondents omit that they only released Mr. Buhamiizo on May 11, 2026, pursuant to this Court's interim order, to avoid providing the Court with information regarding their efforts to unlawfully remove Mr. Buhamiizo to Equatorial Guinea. Respondents have consistently represented that they intend to unlawfully re-detain Mr. Buhamiizo and continue with their illegal removal scheme as soon as they are out from under the scrutiny of this

Court. Respondents' failure to return Mr. Buhamiizo to lawful conditions of release, that is, restraints on liberty limited to those accomplishing legitimate government purposes, means this petition for writ of habeas corpus is not moot.

Mr. Buhamiizo remains in custody under a supervision scheme that requires his compliance with the government's illegal removal efforts. He is left with a Hobson's choice which no person at liberty would ever have to face – if he complies with the conditions of his custody, he will be illegally re-detained and sent to be imprisoned and tortured in a foreign country with no avenue for relief.[1] If he does not comply, he will be re-detained for violating custody conditions and subjected to the same fate. In light of Respondents' adamant refusal to only impose conditions of custody allowed by regulation, statute and the Constitution, Mr. Buhamiizo properly turns to this Court for relief.

Respondents argue this case is moot because, according to them, "changed circumstances eliminate any possibility of effectual relief." Doc. No. 30 at 2. This is simply not true. While the nature of Mr. Buhamiizo's custody has changed since he filed his petition for writ of habeas corpus (Doc. No. 1), he is still nonetheless in unlawful custody which this Court has the power to grant him relief from. *See, e.g. Avalos Ramos v. Moniz*, 25-10268-AK, Doc. No. 25 at *1-2 (D. Mass. Oct. 23, 2025) (granting petition for writ of habeas corpus and imposing conditions respondents must meet prior to re-detaining a petitioner who was released on an OSUP during the pendency of habeas litigation); *Flores Salazar v. Moniz*, 25-11159-LTS, 2025 WL 1703516, at *8 (D. Mass. June 11, 2025) (ordering removal of conditions of supervised release and

[1] As of the date of this filing, the government has still not responded to Mr. Buhamiizo's Freedom of Information Act request for his record of proceeding, preventing his immigration attorney from filing a motion to reopen in immigration court to make a claim for relief from removal to Equatorial Guinea. *See* Doc. No. 23-2.

ordering respondents to not retaliate against a petitioner who had been released on conditions during the pendency of habeas litigation); *Peruano v. Wesling*, 26-10300-LTS, 2026 WL 1413758, at *14 (D. Mass. May 20, 2026) (ordering respondents to meet certain conditions prior to re-detaining a petitioner who had been released during the pendency of habeas proceedings pursuant to an interim court order); *Mejia Ramos v. Padula*, 26-12239-WGY, 2026 WL 1370386, at *3 (D. Mass. May 17, 2026) (temporarily enjoining respondents from re-detaining a petitioner and finding likelihood of success on the merits for a habeas petition filed when petitioner was not yet re-detained but respondents had expressed an intention to unlawfully re-detain); *Jimenez v. FCI-Berlin, Warden*, 25-326-LM-AJ (D.N.H. March 27, 2026) (Text order, no docket number) (imposing procedures respondents must adhere to prior to re-detaining petitioner released on interim order).

The cases Respondents cite in support of their argument for mootness are easily distinguishable. *See Omondiagbe v. McDonald*, 13-11182-MBB, 2014 WL 1413560, at *1 (D. Mass. Apr. 10, 2014) (petitioner removed from the United States); *Njuguna v. Smith*, 16-12075-ADB, 2016 WL 6986208, at *1 (D. Mass. Nov. 28, 2016) (petitioner released from detention with no indication that any conditions of release, let alone unlawful ones, were imposed); *Ahmed v. Moniz*, 21-12133-DLC, 2022 WL 17651984, at *2 (D. Mass. July 7, 2022) (petitioner released on conditions that he does not challenge as unlawful).

No person at liberty lives under conditions where they are required at a moment's notice to present themselves for illegal detention and removal to a country where they will be tortured. Mr. Buhamiizo is asking the Court to ensure the liberty that is guaranteed to him by the Constitution, which only a habeas Court can do.

Respectfully submitted,

BRIAN BUHAMIIZO

By his attorney,

/s/ *Claire Maguire*

Claire Maguire
BBO # 709426
Northeast Justice Center
181 Union Street, Suite 201B
Lynn, MA
(978) 888-0661
cmaguire@njc-ma.org

Dated: August 28, 2026

**Certificate of Service**

I, Claire Maguire, counsel for Petitioner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I am not aware of any non-registered participants.

Dated: August 28, 2026

By: /s/ *Claire Maguire*